| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Denise Carlon, Esquire<br>KML Law Group, P.C.<br>216 Haddon Avenue, Suite 406<br>Westmont, NJ 08108<br>Main Phone: 609-250-0700<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>HomeBridge Financial Services, Inc. | **Order Filed on October 11, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br>    Cono Charles Cirone, Patricia Catherine Cirone,<br>Debtors. | Case No.: 18-15118 MBK<br><br>Adv. No.:<br><br>Hearing Date: 9/25/19 @ 9:00 a.m.<br><br>Judge: Michael B. Kaplan |

## ORDER REINSTATING STAY

　　　The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: October 11, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**(Page 2)**
Debtor: Cono Charles Cirone, Patricia Catherine Cirone,
Case No: 18-15118 MBK
Caption of Order: ORDER REINSTATING STAY
_____

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, HomeBridge Financial Services, Inc. , Denise Carlon, Esq. appearing, upon an objection to motion to reinstate as to real property located at 133 Brigantine Road, Manahawkin, NJ, 08050, and it appearing that notice of said objection was properly served upon all parties concerned, and this Court having considered the representations of attorneys for Secured Creditor and David A. Semanchik, Esq., attorney for Debtor, and for good cause having been shown

It is **ORDERED, ADJUDGED and DECREED** that as of September 23, 2019, Debtor is in arrears outside of the Chapter 13 Plan to Secured Creditor for payments due November 2018 through September 2019 for a total post-petition default of $19,812.89 ( 6 @ 1,864.42, 5 @ $1,862.55; $686.38 less suspense); and

It is **ORDERED, ADJUDGED and DECREED** that the debtor is to make an immediate payment of $7,500.00; and

It is further **ORDERED, ADJUDGED and DECREED** that the balance of the arrears in the amount of $12,312.89 shall be added to the affidavit of amount due and paid through Debtor's Chapter 13 plan; and

It is further **ORDERED, ADJUDGED and DECREED** that the automatic stay as to real property located at 133 Brigantine Road, Manahawkin, NJ is hereby reinstated; and

It is **ORDERED, ADJUDGED and DECREED** that debtor shall file a modified plan within twenty days of this order; and

It is further **ORDERED, ADJUDGED and DECREED** that regular mortgage payments are to resume October 1, 2019, directly to Secured Creditor care of its servicer, Cenlar FSB, 425 Phillips Boulevard, Ewing, NJ 08618 (Note: the amount of the monthly mortgage payment is subject to change according to the terms of the note and mortgage); and

It is further **ORDERED, ADJUDGED and DECREED** that for the Duration of Debtor's Chapter 13 bankruptcy proceeding, if the lump sum payment or any regular monthly mortgage payments are not made within thirty (30) days of the date said payment is due, Secured Creditor may obtain an Order Vacating Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating such payment is more than thirty days late, and Debtor shall have fourteen days to respond; and

It is further **ORDERED, ADJUDGED and DECREED** that a copy of any such application, supporting certification, and proposed Order must be served on the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court; and

**(Page 3)**
Debtor:  Cono Charles Cirone, Patricia Catherine Cirone,
Case No:  18-15118 MBK
Caption of Order:  ORDER RESOLVING OBJECTION TO MOTION TO REINSTATE
_____

It is further **ORDERED, ADJUDGED and DECREED** that Secured Creditor is hereby awarded reimbursement of fees and costs in the sum of $350.00 for attorneys' fees, $181.00 for filing fees and $350.00 for opposition to motion to reinstate, totaling $881.00, which is to be paid through Debtor's Chapter 13 plan; and

It is further **ORDERED, ADJUDGED and DECREED** that Secured Creditor's Objection to Motion to Reinstate is hereby resolved.